**FILED**

MAY 2 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNTIED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN FEDERATION OF )
GOVERNMENT EMPLOYEES, AFL-CIO, )
    80 F Street, NW )
    Washington, DC 20001, )
                        )
          Plaintiff, )
                        )
        v. )
                        )
EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION )
                        )
          and )
                        )
CARI DOMINGUEZ, )
in her official capacity as Chair )
of the Equal Employment Opportunity )
Commission, )
                        )
                        )
          1801 L Street, NW )
          Washington, DC 20507 )
                        )
          Defendants. )

CASE NUMBER 1:05CV01035

JUDGE: Royce C. Lamberth

DECK TYPE: General Civil

DATE STAMP: 05/20/2005

## COMPLAINT

### Preliminary Statement

1.  This case involves a series of violations of the Government in the Sunshine

Act, 5 U.S.C. §552b ("Sunshine Act"), committed by the Equal Employment Opportunity

Commission ("EEOC"). This case also involves a series of violations of the EEOC's regulation

adopting the Sunshine Act, 29 C.F.R. §1612.7, committed by the EEOC.

2.  The violations arise from the EEOC's failure to properly give public announcement

of a public meeting held on March 24, 2005. Notice of this meeting was not submitted to the

*1*

Federal Register until March 23, 2005, one day before the meeting was held, in violation of 5 U.S.C. §552b(e)(1) and 29 C.F.R. §1612.7(d). See 70 Fed. Reg. 15,624-15,625 (March 28, 2005), attached hereto as Exhibit 1.

3. The public announcement of the meeting was not issued until March 23, 2005, one day before the March 24, 2005 meeting was held, in violation of 5 U.S.C. §552b(e)(1). *See* Notice issued by the EEOC, signed by Stephen Llewellyn, Acting Executive Officer, Executive Secretariat, attached hereto as Exhibit 2. The notice was posted on the Internet at www.eeoc.gov on or about March 23, 2005.

4. The public announcement of the meeting was not posted in the lobby of the EEOC headquarters at least one week prior to the date of the March 24, 2005 meeting in violation of 29 C.F.R. §1612.7(a).

5. The public announcement of the meeting was not accomplished by recorded telephone message on the EEOC's designated telephone line for public announcements, (202) 663-7100 at least one week prior to the date of the March 24, 2005 meeting in violation of 29 C.F.R. §1612.7(a).

**Parties**

6. The EEOC is a federal agency responsible for the elimination of discrimination in the workplace for private and public employers. The EEOC is an agency as defined in 5 U.S.C. §552b(a)(1) . The Commission is governed by five commissioners, including Chair Cari Dominguez, Vice Chair Naomi C. Earp, Leslie E. Silverman, Commissioner, and Stuart J. Ishimaru, Commissioner. The fifth seat is presently vacant. The EEOC is subject to the Sunshine Act and has adopted a regulation implementing the Sunshine Act at 29 C.F.R. §1612.7.

7. The EEOC is headquartered in the District of Columbia at 1801 L Street, NW, Washington, DC 20507.

8. The American Federation of Government Employees, AFL-CIO (AFGE) is an unincorporated association. It represents 600,000 workers in the federal government and the District of Columbia and is the largest federal employee union. AFGE is representing the interests of these 600,000 workers and their right to have proper notice of public meetings held by the EEOC. AFGE also represents employees of the EEOC and their interests as parties who will be affected by the EEOC public meetings. Finally, AFGE is concerned with the interests of the taxpayers whose monies fund the adjudication and enforcement of equal opportunity laws.

9. AFGE is headquartered in the District of Columbia at 80 F Street, NW, Washington, DC 20001.

## Jurisdiction and Venue

10. This Court has subject matter jurisdiction under 5 U.S.C. §552b(h)(1) and 28 U.S.C. §1331.

11. Venue is proper in this Court under 5. U.S.C. §552b(h)(1) and 28 U.S.C. §1391, as both parties reside in the District of Columbia and the violation was committed in this judicial district.

## Facts

12. On information and belief, on March 23, 2005, the EEOC posted a "Sunshine Act Notice" in the lobby of the EEOC headquarters, for a meeting to be held on March 24, 2005. On information and belief, the information was also posted as a recorded telephone message at the telephone number (202) 663-7100 on March 23, 2004.

3

13. This meeting was open to the public and was scheduled to address the Announcement of Notation Votes and the EEOC Spring 2005 Regulatory Agenda, according to the notice posted by the EEOC on March 23, 2005. *See* Exhibit 2.

14. On information and belief, on March 23, 2005, the notice of the March 24, 2005 public meeting was submitted to the Federal Register. The notice was published in the Federal Register on March 28, 2005, four days after the "public" meeting was held. *See* Exhibit 1.

15. On March 21, 2005, Commissioner Ishimaru voted to hold a public meeting. Transcript of Meeting of March 24 to Vote on Spring Regulatory Agenda, attached hereto as Exhibit 3.

16. On March 22, 2005, Chair Dominguez circulated a memo scheduling a public Meeting for March 24, 2005. *See* Exhibit 3.

17. There was no recorded vote as required by 5 U.S.C. §552b(e)(1) and 29 C.F.R. §1612.7(c)(1) in order to waive the seven day public announcement. According to Commissioner Ishimaru, there was not proper notice of the meeting, and the transcript does of the March 24, 2005 meeting does not reflect a recorded vote. *See* Exhibit 3.

18. Because of the untimely notice, many interested AFGE members, EEOC employees, and members of the public were unable to attend the meeting.

19. Section 552b(e)(1) of the Sunshine Act provides:

In the case of each meeting, the agency shall make public announcement, at least one week before the meeting, of the time, place and subject matter of the meeting, whether it is to be open or closed to the public, and the name and phone number of the official designated by the agency to respond to the requests for information about the meeting. Such announcement shall be made unless a majority of the members of the agency determines by a recorded vote that agency business requires that such meeting be called at an earlier date, in which case the agency shall make public announcement of the time, place and subject matter of such meeting, and whether open or closed to the public, at the earliest practicable time.

4

20. Section 552b(e)(3) of the Sunshine Act provides:

Immediately following each public announcement required by this subsection, notice of the time, place, and subject matter of a meeting, whether the meeting is open or closed, any change in one of the preceding, and the name and phone number of the official designated by the agency to respond to requests for information about the meeting, shall also be submitted for publication in the Federal Register.

21. The EEOC's own regulation implementing the Government in the Sunshine Act, 29 C.F.R. § 1612.7(a) also provides for a recorded telephone message at the telephone number (202) 663-7100 from 9 am to 5 pm at least one week prior to the meeting date.

22. The EEOC's own regulation implementing the Government in the Sunshine Act, 29 C.F.R. §1612.7(a), provides for posting the public announcement in the lobby of the EEOC headquarters at 1801 L Street, NW, Washington, DC 20507, at least one week prior to the meeting date.

23. The EEOC's own adoption of the Government in the Sunshine Act, 29 C.F.R. § 1612.7(d) requires that:

Immediately following any public announcement accomplished under the provisions of this section, the agency shall submit a notice for publication in the Federal Register disclosing:
(1) The time of the meeting.
(2) The place of the meeting.
(3) The subject matter of each portion of each meeting or series of meetings.
(4) Whether any portion(s) of a meeting will be open or closed to public observation.
(5) The name and telephone number of an official designated to respond to requests for information about the meeting.

24. The EEOC's own regulation implementing the Government in the Sunshine Act, 29 C.F.R. §1612.7(c)(1) requires that:

The announcement described in paragraph (a) of this section may be accomplished less than one week prior to the commencement of any meeting or series of meetings where:

(1) A majority of the members of the Commission determines by recorded vote that agency business requires that any such meeting or series of meetings be held at an earlier date.

## COUNT 1

25. AFGE alleges and incorporates by reference herein the assertions contained in paragraphs 1 through 24 above.

26. The Sunshine Act requires that the EEOC issue a public announcement of a public meeting at least one week in advance of the meeting. 5 U.S.C. §552b(e)(1). The EEOC did not publicly announce the March 24, 2005 public meeting at least one week in advance as required by law. The March 23, 2005 notice was not in accordance with the Sunshine Act and was in violation of 5 U.S.C. §552b(e)(1).

## COUNT 2

27. AFGE alleges and incorporates by reference herein the assertions contained in paragraphs 1 through 26 above.

28. The Sunshine Act requires that immediately following a public announcement issued pursuant to 5 U.S.C. §552b(e)(1), the EEOC must submit a public announcement for publication in the Federal Register. 5 U.S.C. §552b(e)(3). The EEOC did not timely submit the public announcement as required by law. The public announcement that was submitted to the Federal Register on March 23, 2005 and published in the Federal Register on March 28, 2005 was not timely and was not in accordance with the Sunshine Act and was in violation of 5 U.S.C. §552b(e)(3).

## COUNT 3

29. AFGE alleges and incorporates by reference herein the assertions contained in paragraphs 1 through 28 above.

6

30. The EEOC's adoption of the Sunshine Act requires that the EEOC post a public announcement of a public meeting in the lobby of the EEOC headquarters at least one week in advance of the date the meeting is to be held. 29 C.F.R. § 1612.7(a). The EEOC did not post a public announcement of the March 24, 2005 public meeting at least one week in advance as required by regulation. The EEOC's failure to properly post a public announcement was not in accordance with the Sunshine Act and was in violation of 29 C.F.R. §1612.7(a).

## COUNT 4

31. AFGE alleges and incorporates by reference herein the assertions contained in paragraphs 1 through 29 above.

32. The EEOC's adoption of the Sunshine Act requires that the EEOC post a public announcement by recorded telephone message at (202) 663-7100 at least one week in advance of the date the meeting is to be held. 29 C.F.R. § 1612.7(a). The EEOC did not post a public announcement by recorded telephone message of the March 24, 2005 public meeting at least one week in advance as required by regulation. The EEOC's failure to properly post the notice was not in accordance with the Sunshine Act and was in violation of 29 C.F.R. §1612.7(a).

## COUNT 5

33. AFGE alleges and incorporates by reference herein the assertions contained in paragraphs 1 through 31 above.

34. The EEOC's adoption of the Sunshine Act requires that immediately following a public announcement issued pursuant to 29 C.F.R. §1612.7(a), the EEOC must submit a public announcement for publication in the Federal Register. The EEOC did not submit the public announcement as required by regulation. 29 C.F.R. §1612.7(d). The public announcement that was submitted to the Federal Register on March 23, 2005 and published in the Federal Register

7

on March 28, 2005 was not in accordance with the EEOC's adoption of the Sunshine Act and was in violation of 29 C.F.R. §1612.7(d).

## COUNT 6

35. AFGE alleges and incorporates by reference herein the assertions contained in paragraphs 1 through 33 above.

36. The Sunshine Act requires that in order for the EEOC to issue public announcement of a public meeting less than seven days prior to the meeting date, the agency must make a determination by recorded vote that "agency business require that such meeting be called at an earlier date." 5 U.S.C. §552b(e)(1). The EEOC did not hold a recorded vote to determine that the meeting should be held with less than seven days notice. Instead, Chair Dominguez issued a memo scheduling the pubic meeting without seven days notice

### Prayer for Relief

WHEREFORE AFGE respectfully prays that this Court:

(a) issue a declaratory judgment holding that the EEOC has violated the Sunshine Act, 5 U.S.C. §552b(e)(1) and (3) and 29 C.F.R. §1612.7;

(b) issue a declaratory judgment holding that Chair Dominguez has violated the Sunshine Act, 5 U.S.C. §552b(e)(1) and (3) and 29 C.F.R. §1612.7(a), (c) and (d);

(c) order that the EEOC cease and desist from such violations of the Sunshine Act;

(d) order that Chair Dominguez cease and desist from such violations of the Sunshine Act;

(e) award AFGE all costs and expenses of bringing this action, including attorneys' fees and costs; and

(f) grant AFGE such other and further relief as it deems appropriate.

8

*Sarah Starrett*

Mark D. Roth (D.C. Bar No. 235473)
General Counsel
Charles Hobbie (D.C. Bar No. 283499)
Deputy General Counsel
Sarah J. Starrett (D.C. Bar No. 443314)
Supervisory Attorney
American Federation of Government Employees,
AFL-CIO
80 F Street, NW
Washington, DC 20001
Telephone: (202) 639-6420
Facsimile: (202) 639-4112
Email: rothm@afge.org
        hobbic@afge.org
        sstarrett@afge.org

*Attorneys for Plaintiff*

AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES

May 20, 2005

9