UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FEDERATION OF | ) | |
| GOVERNMENT EMPLOYEES, AFL-CIO | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:05CV01035 (RCL) |
| | ) | |
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

<u>INTRODUCTION</u>

Plaintiff, the American Federation of Government Employees, AFL-CIO (AFGE), has

filed this action, alleging that a March 24, 2005 meeting of the Equal Employment Opportunity

Commission (EEOC or Commission) was conducted in violation of the Government in the

Sunshine Act (the Sunshine Act or the Act), 5 U.S.C. § 552b, because a seven-day advance

notice of the meeting was not provided to the public.  Plaintiff's complaint fails to identify any

injury suffered as a result of the EEOC's shortened notice period and, thus, AFGE does not have

standing to  challenge the agency's action.  Moreover, a review of the circumstances culminating

in the EEOC's decision to shorten the notice period demonstrates that the agency's action not

only was reasonable, but also was wholly consistent with an exception set forth in the Sunshine

Act as well as in the EEOC's implementing regulations, which are set forth at 29 C.F.R. Part

1612.  For these reasons, plaintiff's complaint should be dismissed.

BACKGROUND

**1.      The Sunshine Act**

The Government in the Sunshine Act was enacted in 1976 with the dual purpose of providing the public with "the fullest practicable information regarding the decisionmaking processes of the Federal Government . . . while protecting the rights of individuals and the ability of the Government to carry out its responsibilities." Pub. L. No. 94-409, § 2, 90 Stat. 1241 (1976), 5 U.S.C. § 552b note.  The Sunshine Act generally provides for open meetings of certain government agencies.  It applies to any federal agency "headed by a collegial body composed of two or more individual members, a majority of whom are appointed to such position by the President with the advice and consent of the Senate, and any subdivision thereof authorized to act on behalf of the agency."  5 U.S.C. § 552b(a)(1).

The Act imposes certain requirements for public observation of "meetings" held by the members of a covered agency.  For purposes of the Act, a "meeting" is defined as "the deliberations of at least the number of individual agency members required to take action on behalf of the agency where such deliberations determine or result in the joint conduct or disposition of official agency business. . . ."  5 U.S.C. § 552b(a)(2).  If a covered agency plans to hold a "meeting" as defined in the Act, it must publicly announce, at least one week in advance, "the time, place, and subject matter of the meeting [and] whether it is to be open or closed to the public."  5 U.S.C.  § 552b(e)(1).  A meeting may be called on shorter notice only if "a majority of the members of the agency determines by a recorded vote that agency business [so] requires. . . ."  *Id.*  If the agency determines to hold a meeting without providing at least a week's notice, the agency "shall make public notice of the time, place, and subject matter of such meeting, and

whether open or closed to the public, at the earliest practicable time." *Id.* Once a "meeting" has been publicly announced, its subject matter and open or closed format may be changed only by similar recorded vote. 5 U.S.C. § 552b(e)(2). With narrow exceptions, "every portion of every meeting of an agency shall be open to public observation." 5 U.S.C. § 552b(b).

"Each agency subject to" the Act must promulgate implementing regulations by notice and comment, and "[a]ny person" may challenge the sufficiency of such regulations by bringing a proceeding in this Court. 5 U.S.C. § 552b(g). In addition, "any person" may seek judicial review of an agency's compliance with the Act's open-meeting requirement by bringing suit "in the district court . . . for the district in which the agency meeting is held or in which the agency in question has its headquarters, or in the District Court for the District of Columbia." 5 U.S.C. § 552b(h)(1). If the court finds that the agency has failed to satisfy the Act, it "may grant such equitable relief as it deems appropriate," including disclosure of the transcript or recording of the meeting or an injunction against future violations. *Id.*

**2.    EEOC Implementing Regulations**

The EEOC's regulations implementing the provisions of the Sunshine Act are promulgated at 29 C.F.R. Part 1612. The term "meeting" is defined as "the deliberations of at least three members of the members of the agency, which is a quorum of Commissioners, where such deliberations determine or result in the joint conduct or disposition of agency business. . . ." 29 C.F.R. § 1612.2(b). The definition of "meeting" does not include "[d]eliberations pertaining to any change in any meeting or to changes in the public announcement of such meeting." *Id.* § 1612.2(b)(4).

For the most part, EEOC meetings are to be open to the public. 29 C.F.R. § 1612.3. In

addition, the meetings are to be announced publicly. *Id.* § 1612.7. A public announcement is to be issued, which shall disclose the time of the meeting, the place of the meeting, the subject matter(s), whether any portion of the meeting will be closed to the public, and contact information for an official designated to respond to requests for information about the meeting. *Id.* § 1612.7(a)(1)-(5). The public announcement is to be accomplished by (1) recorded telephone message at a number set forth in the regulations; and (2) posting the announcement in the lobby of the EEOC's headquarters in Washington, D.C. *Id.* § 1612.7(a). "Immediately following" a public announcement of a meeting, "the agency shall submit a notice for publication in the Federal Register," which notice shall include the same information as the announcement. *Id.* § 1612.7(d).

The regulations identify several exceptions to the one-week notice requirement. 29 C.F.R. § 1612.7(c). One of these exceptions occurs when a majority of the Commission's members "determines by recorded vote that agency business requires" that a meeting be held at an earlier date. *Id.* § 1612.7(c)(1). In such a circumstance, "the agency shall make public announcement at the earliest practicable time." *Id.* § 1612.7.

**3.    AFGE's Allegations**

AFGE alleges that, on March 23, 2005, the EEOC posted a Sunshine Act notice in its lobby about a meeting to be held on March 24, 2005. Compl. ¶ 12. AFGE also claims that, on the same date, the agency posted a recorded telephone message about the March 24 meeting. *Id.* The complaint notes that the notice was submitted for publication in the Federal Register, but was not actually published until four days after the meeting. *Id.* ¶ 14. The meeting was open to the public and related, in part, to the EEOC's spring regulatory agenda. *Id.* ¶ 13. Plaintiff

-4-

alleges that, contrary to the Act and the EEOC's regulations, there was no recorded vote by a majority of the Commissioners to abbreviate the notice time for the meeting. *Id.* ¶ 17. As a result of the allegedly improper notice, AFGE claims that many of its employees and other members of the public were unable to attend the meeting. *Id.* ¶ 18.

AFGE claims that the EEOC's notice of the March 24, 2005 meeting violated the Sunshine Act because a public announcement was not issued at least one week in advance of the meeting (Compl. Count 1); the EEOC did not timely submit a public announcement for publication in the Federal Register (*id.* Count 2); and did not hold a recorded vote to provide a shorter notice of the meeting (*id.* Count 6). Plaintiff further alleges that the EEOC violated the Commission's regulations implementing the provisions of the Sunshine Act because the agency did not post a public notice of the meeting in the lobby of its headquarters at least a week before the meeting was scheduled (*id.* Count 3); the EEOC did not post a recorded telephone message at least one week in advance of the meeting (*id.* Count 4); and the EEOC did not submit the public announcement of the meeting to the Federal Register in a manner consistent with the regulation (*id.* Count 5). AFGE seeks a declaratory judgment that the EEOC and the Commission's Chair violated the Act and regulations, an injunction preventing future violations of the Act and the regulations, and attorney's fees and costs.

### 4.     EEOC's Determination to Shorten Meeting Time

The transcript to the March 24, 2005 meeting of the EEOC on the agency's spring regulatory agenda indicates that there was some discussion about whether the Commission had conformed to the Sunshine Act and the agency's regulations in proceeding with the meeting without having provided at least one week's notice. *See* Compl. Exh. 3. Specifically,

Commissioner Ishimaru raised the issue that the meeting was being held "without the seven day notice required by both our regulations and the Sunshine Act." *Id* at 6. Commissioner Ishimaru claimed that, after the Commissioners' "vote" on whether to shorten the time for notice of the meeting, it appeared to him that the reasons for shortening the announcement period did not amount to an "exigent circumstance" and, thus, that the meeting should have been held in the "regular order, after sufficient notice to the public." *Id.*

The vote referred to in the transcript resulted from a March 22, 2005 memorandum from EEOC Chair Dominguez to Commissioners Earp, Silverman, and Ishimaru. *See* Exh. 1 (attached hereto). The memorandum noted that, "to ensure compliance with the government-wide publication deadline for the President's Regulatory Agenda," Chair Dominguez had scheduled a Commission meeting for March 24 "for the purpose of voting on the Commission's Spring Regulatory Agenda." *Id.* The Chair noted that the Sunshine Act permits a meeting to be held "with abbreviated public notice when a majority of the Commission members determines that agency business requires fewer than seven days' notice." *Id.* Accordingly, Chair Dominguez requested the Commissioners to vote to approve scheduling a meeting with less than one week's notice. *Id.* The notation voting record demonstrates that the Commission approved the shortened notice time three votes to one. *See* Exh. 2 (attached hereto).

<u>ARGUMENT</u>

## I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF STANDING

Before a court may exercise jurisdiction, it must assure itself that a plaintiff has established Article III standing. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992);

Center for Law and Education v. Department of Education, 396 F.3d 1152, 1156-57 (D.C. Cir. 2005); Florida Audubon Soc'y v. Bentsen, 94 F.3d 658, 661 (D.C. Cir. 1996) (*en banc*).  To establish standing, (1) plaintiff must have suffered injury in fact, commonly defined as an invasion of a legally protected concrete and particularized interest; (2) there must be a cuasal connection between the alleged harm and defendant's conduct; and (3) the injury must be redressable by the court.  Lujan, 5014 U.S. at 560-61.

At a minimum, organizational plaintiffs must meet the same constitutional standing requirements as indiviauls.  *See* Center for Law and Education, 396 F.3d at 1157; Common Cause v. Federal Election Comm'n, 108 F.3d 413, 417 (D.C. Cir. 1997) (*per curiam*).  If a plaintiff's alleged injury relies on violation of a procedural requirement, as in this case, plaintiff must nevertheless demonstrate an injury to a particularized and concrete interest; a general interest in having statutory procedures followed does not suffice.  Lujan, 504 U.S. at 572-74; Center for Law and Education, 396 F.3d 1159; Florida Audubon, 94 F.3d at 664-65.  In other words, plaintiff must show "*both* (1) that [its] procedural right has been violated, *and* (2) that the violation of the right has resulted in an invasion of [its] concrete and particularized interest."  Center for Law and Education, 396 F.3d at 1159 (emphasis in original).

An organization, like an individual plaintiff, only has standing to challenge an agency's failure to adhere to a procedural requirement when that requirement was "'designed to protect some threatened concrete interest' of the plaintiff."  Florida Audubon, 94 F.3d at 664.  Further, to establish standing, an organizational plaintiff such as AFGE must show "'not only that the defendant's acts omitted some procedural requirement, but also that it is substantially probable that the procedural breach will cause the essential injury to plaintiff's own interest.'"  Center for

Law and Education, 396 F.3d at 1159 (quoting Florida Audobon, 94 F.3d at 664-65).  For

example, when an organization sues on its own behalf, it must establish a "'concrete and

demonstrable injury to the organization's activities--with [a] consequent drain on the

organization's resources– constitut[ing] . . .  more than simply a setback to the organization's

abstract social interests.'"  National Taxpayers Union, Inc. v. United States, 68 F.3d 1428, 1433

(D.C. Cir. 1995) (quoting Havens Realty Corp. v. Coleman, 455 U.S. 363, 379 (1982)).  The

"organization must allege that discrete programmatic concerns are being directly and adversely

affected by the challenged action." *Id*. at 1433 (internal quotation marks omitted).

Even if AFGE could show that the EEOC had violated the Sunshine Act's procedural

requirements, AFGE does not have standing to pursue this action.  Indeed, AFGE fails to identify

or otherwise allege any cognizable injury resulting from the EEOC's determination to shorten the

notice period for the agency's spring regulatory agenda meeting.   For this reason, the Complaint

on its face clearly does not meet the requirement of demonstrating that a specific and concrete

interest of AFGE has been affected by the EEOC's shortened meeting notice.  At most, the

Complaint alleges that the EEOC's failure to provide a seven-day notice of a public meeting

meant that members of the organization were unable to attend the meeting.  Compl. ¶ 18.  If such

an amorphous harm is sufficient to establish standing, it is unclear what allegations would be

insufficient.  Because the Complaint does not identify or allege concrete or particularized injury,

plaintiff cannot establish standing and the Complaint should be dismissed.

II.    **THE EEOC SATISFIED THE REQUIREMENTS FOR SCHEDULING A MEETING WITHOUT AT LEAST SEVEN DAYS' NOTICE**

Assuming plaintiff could establish standing, AFGE cannot demonstrate that the Commission acted in a manner inconsistent with the express terms of the Act and the regulations, inasmuch as the EEOC complied with the requirements of the Sunshine Act and the regulations for shortening the notice period for a public meeting.  As noted above, the Act generally provides that an agency must publicly announce a meeting at least one week in advance, setting forth "the time, place, and subject matter of the meeting [and] whether it is to be open or closed to the public."  5 U.S.C.  § 552b(e)(1).  The Act further states, however, that a meeting may be called on shorter notice if "a majority of the members of the agency determines by a recorded vote that agency business [so] requires. . . ." *Id.*  Similarly, the EEOC's regulations recognize an exception to the seven-day notice requirement.  An announcement of a meeting "may be accomplished less than a week prior to the commencement of any meeting," 29 C.F.R. § 1612.7(c), if a majority of the Commission's members "determines by recorded vote that agency business requires" that a meeting be held at an earlier date.  *Id.* § 1612.7(c)(1).  In such a circumstance, "the agency shall make public announcement at the earliest practicable time."  *Id.* § 1612.7.

Exhibit 3 to the Complaint as well as Exhibits 1 and 2 hereto demonstrate that the Commission satisfied the criteria for the shortened notice time for the March 24 meeting.  Although one member of the agency, Commissioner Ishimaru, who voted against the shortened notice, expressed concerns that the meeting was being held without the seven day notice required by both the EEOC's regulations and the Sunshine Act, the Commission did follow the procedures set forth in the regulations.  The Commissioners considered the issue of whether

-9-

agency business –in this instance, the intent to comply with a government-wide publication deadline for the President's regulatory agenda, as imposed by the Office of Management and Budget – necessitated an abbreviated public notice. A majority of the four Commissioners, in a recorded vote of three to one, determined that the shortened notice was appropriate. Once the vote was final, notice was then posted by the means set forth in the EEOC's regulations.

Inasmuch as the Commission complied with the express provisions of both the Sunshine Act and the agency's regulations, plaintiff has failed to state a claim for which relief may be granted. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Plaintiff's complaint, therefore, should be dismissed on the merits.

<u>CONCLUSION</u>

For the foregoing reasons, the Court should grant the defendant's motion to dismiss or, in the alternative, for summary judgment.

Dated:  July 22, 2005                          Respectfully submitted,

                                               PETER D. KEISLER
                                               Assistant Attorney General

                                               KENNETH L. WAINSTEIN
                                               United States Attorney

                                               _____/s/_____
                                               ARTHUR R. GOLDBERG
                                               CARLOTTA P. WELLS
                                               U.S. Department of Justice
                                               P.O. Box 883
                                               Washington, D.C. 20044
                                               (202) 514-4522 (telephone)
                                               (202) 616-8470 (facsimile)

                                               Counsel for Defendants

-10-

OF COUNSEL:

PEGGY R. MASTROIANNI
Associate Legal Counsel
THOMAS J. SCHLAGETER
Assistant Legal Counsel
JAMES G. ALLISON
Attorney
Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C.  20507