UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:05CV01035 (RCL)<br>) |
| v. | )<br>) |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. | )<br>)<br>) |
| Defendants. | ) |

## PLAINTIFF'S STATEMENT OF MATERIAL DISPUTED FACTS

1. EEOC business did not require that less than seven days notice be given for the March 24, 2005 public meeting pursuant to 5 U.S.C. § 552b(e)(1). Transcript of Meeting of March 24 to Vote on Spring Regulatory Agenda, attached as Exhibit 2 to Plaintiff's Opposition to Defendants' Motion to Dismiss, at 6, and as Exhibit 3 to Complaint ("Transcript").

2. The EEOC did not post notice of the March 24, 2005 meeting at the earliest practicable time as required by law. Transcript at 6-8.

3. There was no mention of deadlines in the March 15, 2005 memo that was circulated to the EEOC Commissioners regarding the call to vote on whether to have the March 21, 2005 vote of the EEOC Commissioners. Transcript at 6, 8.

4. The Commission refused to make the March 15, 2005 memo public. Transcript at 6-8.

5. Because the OMB's deadline for reviewing the submissions was Friday, April 1, 2005, the EEOC could have posted a seven day notice of the public meeting. Transcript at 3.

6. The costs associated with publishing the Agenda independently are insignificant when weighed against the public's right to observe an open meeting, and the public interest in providing the public with "the fullest practicable information" about the Agency's decision making processes, which is the goal of the Sunshine Act, 5 USC 552b note.

7. The Regulatory Agenda which was discussed and voted upon at the March 24, 2005 meeting included issues which impacted the interests of the Plaintiff, its members, and those it represents. Affidavit of Gabrielle Martin ("Martin Aff."), attached as Exhibit 1 to Opp., at ¶ 6, Affidavit of Andrea E. Brooks ("Brooks Aff."), attached as Exhibit 3 to Opp., at ¶¶ 10-11.

8. Martin relies on the public notices published in the Federal Register, the Agency's internal and external websites and telephone notices to stay informed about upcoming meetings, in order to make plans to attend meetings, to notify and inform AFGE members, to provide opportunities for AFGE members to attend, and/or to send a union designee. Martin Aff. ¶¶ 9-10.

9. In the past, Martin has submitted comments to the Commission regarding issues to be addressed at public meetings. Martin Aff. ¶ 16.

10. Adequate advance notice is essential to developing the union's position on an issue, and to prepare and submit comments to the Commission. Martin Aff. ¶ 13.

11. Because only one day's public notice was given of the March 24, 2005 public meeting, Union President Martin was unable to attend the meeting or to send a designee to observe the deliberations, as is her normal practice. Martin Aff. ¶ 8.

12. Because only one day's public notice was given of the meeting, Union President Martin was unable to notify and inform other interested union members and interested stakeholders about the meeting, as is her normal practice. Martin Aff. ¶ 5.

13. Because of the shortened notice, Union President Martin was unable to gather comments from union members regarding the issues to be decided, as she has done in the past. Martin Aff. ¶ 7.

14. Because of the shortened notice, Union President Martin was unable to present verbal or written comments to the Commissioners setting forth the union's position on the issues to be decided, as she has done in the past. Martin Aff. ¶ 7.

15. Because of the shortened notice, Union President Martin was unable to develop and issue any press releases calling the public's attention to the union's position on the issues to be decided. Martin Aff. ¶ 7.

16. If adequate notice had been provided, Union President Martin would have been able to decide whether to attend the meeting, to discuss the issues at

       stake with other interested union officers and members, to gather comments from union members, to present comments to the Commissioners, or to develop and issue press releases calling the public's attention to the Union's position on the issues to be decided.  Martin Aff. ¶ 8.

17. Because there was not sufficient notice, AFGE National Vice-President Andrea E. Brooks was unable to assign a staff member to attend the March 24, 2005 public meeting in order to represent the interests of her constituents.  Brooks Aff.¶¶ 3 and 7-10.

18. Because there was not sufficient notice, NVP Brooks was unable to submit comments on behalf of union members for the EEOC's consideration as she has done in the past.  Brooks Aff. ¶¶ 12-14.

                                          Respectfully submitted,

Dated:  August 30, 2005                By:   /s/

                                                    _____

                                                    Mark D. Roth (D.C. Bar No. 235473)
                                                    General Counsel
                                                    Charles Hobbie (D.C. Bar No. 283499)
                                                    Deputy General Counsel
                                                    Sarah J. Starrett (D.C. Bar No. 443314)
                                                    Supervisory Attorney
                                                    American Federation of Government
                                                    Employees, AFL-CIO
                                                    80 F Street, NW
                                                    Washington, DC 20001
                                                    Telephone: (202) 639-6420
                                                    Facsimile: (202) 639-4112
                                                    Email:  rothm@afge.org
                                                                hobbic@afge.org

sstarrett@afge.org

*Attorneys for Plaintiff*

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES

{00209283.DOC}　　　　　5