UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, <br><br> Plaintiffs, <br><br> v. <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. <br><br> Defendants. | Case No. 1:05CV01035 (RCL) |

# AFFIDAVIT OF GABRIELLE MARTIN

I, Gabrielle Martin, do hereby declare:

1. My name is Gabrielle Martin. I have served 18 years as an attorney at the Denver District Office at the Equal Employment Opportunity Commission (EEOC).

2. I am the President of the National Council of EEOC Locals No. 216, AFGE/AFL-CIO and have held that position since August of 2000.

3. On March 23, 2005, I learned of the meeting to be held the following day, March 24, 2005 at 1pm in EEOC headquarters in Washington, DC.

4. I learned that the purpose of the meeting was to address the Announcement of Notation Votes and the EEOC Spring 2005 Regulatory Agenda.

5. Due to the inadequate notice, I did not have time to notify and inform the many AFGE members and interested stakeholders about the meeting.

6. The Regulatory Agenda has a significant impact on the bargaining unit members I represent.

7. Adequate notice would have allowed me time to issue press releases as well as to gather comments and feedback from union members and other stakeholders for submission to the EEOC for consideration.

8. Adequate notice would have allowed me to attend the March 24, 2005 meeting or send a designee on behalf of the union as is my normal practice. It is also my normal practice to gather comments from union members, and develop and issue press releases that make the public aware of the Union's position on an issue that is to be decided at a public meeting.

9. I regularly check the Federal Register and the Agency's internal and external websites to stay informed about upcoming meetings, in order to make plans to attend myself, to provide opportunities for AFGE members to attend, and/or to send a designee.

10. Due to my location in Denver, Colorado, I am unable to check the notices of public meetings posted at EEOC Headquarters; instead, I have to rely on the telephone message and website notifications.

11. In the past, EEOC has invited and accepted public comments before some meetings.

12. The EEOC scheduled a meeting on May 16, 2005 to vote on whether to reorganize the field structure of the Commission.

13. After reviewing the Notice of the May 16 meeting, I was able to notify Congress and stakeholders. Because I received adequate notice of the May 16, 2005 meeting, I developed the Union's position on the issue of restructuring the EEOC.

14. I, as well as some members of Congress and stakeholders, submitted requests to the Commission to postpone the meeting for opportunity to allow public comment. I also was able to make arrangements and attended the May 16 meeting.

15. After the comments were submitted, the EEOC delayed the vote, invited additional comments and held a public forum to answer questions.

16. I, Gabrielle Martin, acting as National Council of EEOC Locals No. 216 President, submitted comments on the proposed changes on behalf of EEOC bargaining unit members.

17. In opening its July 8, 2005 Commission meeting to vote on the proposed restructuring, the Commission indicated that it had taken into account the concerns expressed and comments made by all stakeholders.

18. With adequate notice, I and my members are able to participate in an open process.

**FURTHER AFFIANT SAYETH NOT**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct (28 U.S.C. 1746; as shown at 5 C.F.R. Part 1201, App.IV).

Executed on    __August 30, 2005_____
                      Date


_____
GABRIELLE MARTIN