UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, )<br><br>Plaintiffs, )<br><br>v. )<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. )<br><br>Defendants. )  | Case No. 1:05CV01035 (RCL) |

# AFFIDAVIT OF ANDREA E. BROOKS

I, Andrea E. Brooks, do hereby declare:

1. My name is Andrea E. Brooks. I am the National Vice-President for Women and Fair Practices of the American Federation of Government Employees, AFL-CIO ("AFGE").

2. AFGE is a labor organization and an unincorporated association, headquartered in the District of Columbia at 80 F Street, NW, Washington, DC 20001.

3. AFGE represents 600,000 workers in the federal government and the District of Columbia and is the largest federal employee union. It represents the interests of these 600,000 workers and their right to have proper notice of public meetings held by the EEOC.

4. AFGE, through its affiliate the National Council of EEOC Locals No. 216, also represents bargaining unit employees of the Equal Employment Opportunity Commission ("EEOC"). These employees carry out the mission of the agency to enforce the civil rights laws and investigate and litigate charges of discrimination. They are interested

parties who are affected by the decisions discussed, deliberated upon and voted upon by the EEOC at its public meetings.

5. Finally, AFGE also represents the interests of many litigants before the EEOC, many of whom are federal or DC government employees, who rely on the enforcement of their equal employment opportunity rights through the federal-sector EEO process.

6. We believe that the EEOC should remain focused on its mission of effectively enforcing civil rights laws in the employment arena, including investigation, training, holding hearings, and adjudicating appeals.

7. We rely on proper advance notice of EEOC meetings in order to represent the interests of AFGE members, bargaining unit employees, litigants, and other stakeholders, and to monitor the progress made by the agency in carrying out its mission.

8. I regularly assign staff members to check the Federal Register and the Agency's internal and external websites to stay informed about upcoming meetings, in order to provide comments, testimony or questions as appropriate, to notify other interested AFGE members to attend and/or to send a designee to observe public meetings.

9. In the past, EEOC has invited and accepted public comments before some meetings.

10. Due to the inadequate notice of the March 24, 2005 EEOC meeting, AFGE was unable to adequately monitor the agency, nor to notify and inform the many AFGE members and interested stakeholders about the meeting.

11. The Regulatory Agenda has a significant impact on the bargaining unit members and other stakeholders I represent.

12. Adequate notice would have allowed me time to assign a staff member to attend the meeting as well as to gather comments and feedback from union members and other stakeholders for submission to the EEOC for consideration.

13. I was deprived of my right to attend or observe the March 24 meeting because of the shortened notice.

14. In addition, such shortened notice deprives me and those I represent of their opportunity to express their concerns and comments to Commission members on important decisions affecting our members.

15. Adequate and timely public notice is essential to ensure that agency decisionmaking is conducted in an open and honest way.

**FURTHER AFFIANT SAYETH NOT.**

 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct (28 U.S.C. 1746; as shown at 5 C.F.R. Part 1201, App.IV).

Executed on   _____
        Date

_____
Signature
Andrea E. Brooks