UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF ) <br> GOVERNMENT EMPLOYEES, AFL-CIO ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, et al. ) <br> ) <br> Defendants. ) <br> _____) | Case No. 1:05CV01035 (RCL) |

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff's memorandum in opposition to defendants' motion to dismiss fails to establish that, based on the complaint as drafted and filed, plaintiff has standing to bring its claim under the provisions of the Sunshine Act.  Indeed, plaintiff's argument that it has standing relies primarily on allegations that are set forth for the first time in affidavits attached to the opposition memorandum, thereby conceding that, by omitting allegations of concrete and particularized harm, the complaint is deficient.  In addition, even if the complaint were to be amended to contain the new allegations, plaintiffs still can identify neither a particularized harm nor an injury that may be redressed by this Court as a result of the shortened notice of defendants' March 24, 2005 meeting.  Finally, even if plaintiff is deemed to have standing, its contention that there are material facts in issue to prevent summary judgment is erroneous.  Therefore, for the reasons stated below, as well as for the reasons set forth in defendants' memorandum of points and authorities in support of the  motion to dismiss  or in the alternative for summary judgment, defendants' motion to dismiss should be granted.

### 1. Plaintiff Has Not Demonstrated Standing Based on the Complaint

For the first time in its opposition memorandum, plaintiff sets forth allegations relating to its claim that it suffered a particularized and concrete harm as a result of the shortened notice period for the March 24 meeting. Omitted from the Complaint, these allegations are contained in the affidavits two union officials, Gabrielle Martin and Andrea Brooks. Both Martin and Brooks allege that, due to the shortened notice period for the March 24, 2005 meeting of the EEOC, they did not have time to notify and inform AFGE members about the meeting. Martin Aff., ¶ 3; Brooks Aff., ¶ 10. Further, plaintiff claims that the regulatory agenda presented at the March 24 meeting "has a significant impact on the bargaining unit" members of AFGE. Martin Aff., ¶ 6; Brooks Aff., ¶ 11. The Brooks affidavit states that one of the duties and responsibilities of AFGE is to monitor the progress of the EEOC in enforcing the Civil Rights laws and that, absent sufficient notice of the March 24 meeting, AFGE was unable to discharge this responsibility. Brooks Aff., ¶¶ 7, 8, 10, 12.

Plaintiff's reliance on facts outside of the complaint to establish an injury constitutes a tacit acknowledgment that the Complaint, as drafted, is insufficient to satisfy the standing requirement. Indeed, the cases on which plaintiff relies are inapposite for this reason, inasmuch as these cases involved complaints in which allegations of particularized harm were set forth. Moreover, plaintiff has not identified the specific harm it suffered as a result of the shortened notice period. It is not sufficient merely to state that there was a "significant impact" on the bargaining unit members. Plaintiff has not identified with particularity the precise interest of its members that would have been advanced if timely notice had been issued. In fact, the transcript of the March 24 meeting, which was attached as an exhibit to plaintiff's complaint, underscores

the extent to which plaintiff now exaggerates the import of the lack of timely notice. A review of the transcript demonstrates that there was a brief discussion of the votes of the Commissioners to shorten the notice period under the Sunshine Act, a description of what constitutes a "regulatory agenda," and remarks by Commissioner Ishimaru, who had been the sole vote against the shortened notice period. Plaintiff does not dispute the characterization of the regulatory agenda as being "not binding" on the Commission. *See* Transcript of 3/24/05 EEOC Meeting (attached to Complaint and Opp. Memo as Exh. 3) at 4. Nor does plaintiff dispute the statement that the "regulatory agenda is a reporting device. It is not a mechanism for agency action on regulatory proposals." *Id*.

Given the nature and purpose of the regulatory agenda, which primarily serves a housekeeping function, it is unsurprising that plaintiff is unable to identify a harm that rises to the level sufficient to confer standing. Plaintiff does not contend that the semiannual regulatory agenda serves any purpose other than to notify the public of regulatory actions which an agency intends to consider or act upon during the subsequent six months, while not limiting the regulatory actions an agency might in fact consider during that period of time. Transcript at 4. The March 24, 2005 Commission meeting simply authorized re-publication of the same Commission regulatory agenda which had been publicly announced six months earlier. Transcript at 1, 4. Further, each individual regulatory action is separately announced in the Federal Register when taken, thus providing ample notice to interested parties such as plaintiff. 5 U.S.C. § 552(a)(1).

The March 24, 2005 Commission meeting stands in stark contrast to the May 16, 2005, Commission meeting plaintiff cites as an example of how the seven day notice period before a

public meeting allowed it to prepare for and provide input into an agency's decision. Opp. Memo at 12-13. At the May 16 meeting, the Commission considered, as part of its decision-making process, the substantial issues raised by the proposed reorganization of its various offices. Opp. Memo at 11-12; Martin Aff., ¶¶ 12-13. The challenged March 24 meeting did not involve any similar issues or discussion, let alone new items affecting the EEOC's Civil Rights responsibilities.[1] Indeed, plaintiff has not alleged that it would have attempted to present input or otherwise influence the EEOC regarding the agenda items for the March 24, 2005 if the notice period had not been shortened. For these reasons, plaintiff still has failed to identify either a particularized harm or a redressable injury. Thus, the Complaint should be dismissed for lack of standing.

**2. Plaintiff Fails To Present Genuine or Material Issues of Fact**

Plaintiff argues that there are two disputed issues of fact which prevent the Court from granting summary judgment to the EEOC: (1) that the record does not establish that an "emergency" existed to authorize the EEOC's shortened notice period; and (2) that the EEOC has failed to establish that the notice of the March 24, 2005 meeting was issued at the earliest practicable time. Opp. Memo at 15-17. Neither alleged disputed fact prevents summary judgment in favor of defendant.

Plaintiff's argument that the record does not establish that there was an "emergency" which justified the EEOC's reliance on the Sunshine Act's exception to the seven-day notice requirement fails for several reasons. Plaintiff's contention not only relies upon a statutorily

---

[1] The one change to the previous regulatory agenda was a planned Notice of Proposed Rule increasing the fees related to requests under the Freedom of Information Act. Transcript at 4.

unsupported interpretation of the Sunshine Act, which constitutes a conclusion of law not fact, but also erroneously presumes that defendants have claimed that there was an emergency when, in fact, the EEOC never asserted this basis for the shortened notice period. More specifically, plaintiff contends that the subject of the March 24, 2005 meeting was "regular Commission business" and therefore not an "emergency." Opp. Memo at 15. The Sunshine Act's exception to its seven-day notice requirement does not state that an "emergency" is necessary to shorten the public notice period. On the contrary, the Sunshine Act states that a meeting may be held with abbreviated public notice if "a majority of the members of the agency determines by a recorded vote that *agency business* [so] requires . . . ." 5 U.S.C. § 552(b)(e)(1) (emphasis supplied). Thus, under the plain language of the statute, a situation that requires swift agency decision, short of an emergency, can justify a shortened public notice period. <u>Coalition for Legal Services v. Legal Services Corp.</u>, 597 F.Supp. 198, 201 (D.D.C. 1984). The essential limitation placed on the Sunshine Act's shortened notice exception is that it not be used "routinely." *Id*. Here, plaintiff has not made any allegations that the EEOC routinely uses the shortened public notice and there is absolutely no evidence in the record (or elsewhere) to establish that the EEOC routinely shortens the Act's notice period in order to prevent open meetings.

As set forth in defendants' memorandum of points and authorities as well as in plaintiff's opposition, the Commission's March 24 meeting addressed "regular Commission business" inasmuch as the only issue scheduled for action on March 24, 2005 was the approval of the EEOC's Spring Regulatory Agenda, all of which, with one minor exception (see *supra* n.1), had been previously approved and published by the Commission in the EEOC's Fall Regulatory Agenda. *See* Transcript at 1, 4. The transcript conveys that prompt action was required because

of the General Service Administration's ("GSA") March 25 deadline for the EEOC to submit its regulatory agenda for printing. *Id*. at 3. The EEOC's failure to meet the GSA deadline would have required the EEOC to publish the agenda on its own, incurring the unanticipated costs and burdens associated therewith. *Id.* at 5. Plaintiff does not dispute the GSA deadline, but merely downplays the consequences of failing to meet the deadline by criticizing the EEOC for being unaware of the exact cost of publishing the regulatory agenda on its own. Opp. Memo at 15-16. Minimizing the consequences does not create a genuine issue of material fact as to when the agenda was due or the fact that such a deadline constituted urgent agency business.

      Plaintiff's second argument opposing summary judgement is that the EEOC has not proven that it issued public notice of the March 24 meeting "at the earliest practicable time." Opp. Memo at 17. Again, this is a legal conclusion and the underlying facts are not in dispute. As previously noted, the Sunshine Act allows an agency to conduct a meeting on less than seven days public notice if a majority of the members of the agency determine by a recorded vote that "agency business" requires that the meeting be held with shortened notice. 5 U.S.C. § 552b(e)(1). Once that vote occurs, the agency "shall make public announcement of the time, place and subject matter of the meeting, and whether it is open or closed to the public, at the earliest practicable time." *Id*.

      The undisputed record establishes that the EEOC made public announcement of the March 24 meeting on the same day that it voted to hold that meeting (*i.e.,* on March 23, 2005). Complaint, ¶¶ 2-3, 12-14; Exh. 2 to Def.'s Dismiss Memo. In other words, public announcement of the March 24 meeting was made not only as soon as practicable, but also as soon as possible. Announcement was made immediately after the vote was tallied. Such timing was contemplated

by Congress in passing the Sunshine Act, which provides in pertinent part that "such announcements be made as soon as possible which should in few, if any, instances, be later than the commencement of the meeting . . . ."  Conference Report at 18.

    Plaintiff attempts to create an issue of material fact by arguing that the EEOC was aware of the GSA deadline for publication of its regulatory agenda "as early as March 14, 2005."  Opp. Memo at 17.  An agency, however, cannot provide public announcement of a meeting under the Sunshine Act until the agency knows when the meeting will be held.  5 U.S.C. § 552b(e)(1).  Therefore, the relevant date for Sunshine Act purposes is the date that the EEOC voted to hold the meeting on shortened notice (here March 23, 2005), not some previous date upon which the plaintiff presumes the agency should have known that a meeting would be necessary.

    Finally, plaintiff argues that the EEOC could have held its March 24 meeting as late as March 31, 2005, and thereby allowed time for the standard seven-day public notice period. Opp. Memo at 17.  This argument completely ignores the undisputed fact that the EEOC's deadline for submission of its regulatory agenda was March 25, 2005, not April 1, 2005.  Transcript at 2-3.  The April 1, 2005 date was OMB's deadline for reviewing all agencies' submissions after they had been processed through GSA and, thus, the April 1 was a deadline that applied to GSA, not to the EEOC.  *Id.* at 3.

    As demonstrated, plaintiff fails to identify any genuine issues of material fact which foreclose summary judgement.  The material undisputed facts establish that the EEOC complied with Sunshine Act by holding the March 24, 2005 meeting on shortened public notice pursuant to

a recorded majority vote of the Commissioners. The EEOC complied not only with the technical requirements of the Sunshine Act, but also with the Act's goal of conducting substantive business in a way that is open to the public.[2]

## CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in the memorandum of points and authorities in support of defendants' motion to dismiss or in the alternative for summary judgment, defendants' motion should be granted.

Dated: September 12, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

_____/s/_____
ARTHUR R. GOLDBERG
CARLOTTA P. WELLS
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
(202) 514-4522 (telephone)
(202) 616-8470 (facsimile)

Counsel for Defendants

---

[2] Plaintiff also argues that defendants' alternative motion for summary judgment should be stricken for failure to comply with Local Rule 56.1's requirement that a separate statement of material facts as to which there is no genuine issue. Defendants' motion primarily is one to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). With respect to the motion to dismiss for failure to state a claim, defendant relied in part on the voting record of the Commissioners, the majority of whom determined that agency business required a shortened notice period for the March 24, 2005 meeting, which had not been submitted with the Complaint. To the extent required, defendant submits at this time a statement of material facts not in issue.

OF COUNSEL:

PEGGY R. MASTROIANNI
Associate Legal Counsel
THOMAS J. SCHLAGETER
Assistant Legal Counsel
JAMES G. ALLISON
Attorney
Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C.  20507