UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO<br><br>Plaintiffs,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>Defendants. | Case No. 1:05CV01035 (RCL) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

1. The Government in the Sunshine Act was enacted in 1976 with the dual purpose of providing the public with "the fullest practicable information regarding the decisionmaking processes of the Federal Government . . . while protecting the rights of individuals and the ability of the Government to carry out its responsibilities." Pub. L. No. 94-409, § 2, 90 Stat. 1241 (1976), 5 U.S.C. § 552b note.

2. The Sunshine Act generally provides for open meetings of certain government agencies. It applies to any federal agency "headed by a collegial body composed of two or more individual members, a majority of whom are appointed to such position by the President with the advice and consent of the Senate, and any subdivision thereof authorized to act on behalf of the agency." 5 U.S.C. § 552b(a)(1).

3. For purposes of the Act, a "meeting" is defined as "the deliberations of at least the number of individual agency members required to take action on behalf of the agency where such deliberations determine or result in the joint conduct or disposition of official agency

business. . . ."  5 U.S.C. § 552b(a)(2).

4.  If a covered agency plans to hold a "meeting" as defined in the Act, it must publicly announce, at least one week in advance, "the time, place, and subject matter of the meeting [and] whether it is to be open or closed to the public."  5 U.S.C. § 552b(e)(1).

5.  A meeting may be called on shorter notice only if "a majority of the members of the agency determines by a recorded vote that agency business [so] requires. . . ."  5 U.S.C. § 552b(e)(1).  If the agency determines to hold a meeting without providing at least a week's notice, the agency "shall make public notice of the time, place, and subject matter of such meeting, and whether open or closed to the public, at the earliest practicable time."  *Id.*

6.  Once a "meeting" has been publicly announced, its subject matter and open or closed format may be changed only by similar recorded vote.  5 U.S.C. § 552b(e)(2).  With narrow exceptions, "every portion of every meeting of an agency shall be open to public observation."  5 U.S.C. § 552b(b).

7.  The EEOC's regulations implementing the provisions of the Sunshine Act are promulgated at 29 C.F.R. Part 1612.  The term "meeting" is defined as "the deliberations of at least three members of the members of the agency, which is a quorum of Commissioners, where such deliberations determine or result in the joint conduct or disposition of agency business. . . ."  29 C.F.R. § 1612.2(b).

8.  The definition of "meeting" does not include "[d]eliberations pertaining to any change in any meeting or to changes in the public announcement of such meeting."  29 C.F.R. § 1612.2(b)(4).

9.  For the most part, EEOC meetings are to be open to the public.  29 C.F.R. § 1612.3.

In addition, the meetings are to be announced publicly. *Id.* § 1612.7. A public announcement is to be issued, which shall disclose the time of the meeting, the place of the meeting, the subject matter(s), whether any portion of the meeting will be closed to the public, and contact information for an official designated to respond to requests for information about the meeting. *Id.* § 1612.7(a)(1)-(5). The public announcement is to be accomplished by (1) recorded telephone message at a number set forth in the regulations; and (2) posting the announcement in the lobby of the EEOC's headquarters in Washington, D.C. *Id.* § 1612.7(a).

10. "Immediately following" a public announcement of a meeting, "the agency shall submit a notice for publication in the Federal Register," which notice shall include the same information as the announcement. 29 C.F.R. § 1612.7(d).

11. The regulations identify several exceptions to the one-week notice requirement. 29 C.F.R. § 1612.7(c). One of these exceptions occurs when a majority of the Commission's members "determines by recorded vote that agency business requires" that a meeting be held at an earlier date. *Id.* § 1612.7(c)(1). In such a circumstance, "the agency shall make public announcement at the earliest practicable time." *Id.* § 1612.7.

12. On March 24, 2005, the EEOC held a meeting to approve the agency's spring regulatory agenda. Transcript (attached to Complaint as Exhibit 3) at 6.

13. A majority of the Commissioners had voted to shorten the seven-day notice period for the March 24 meeting because agency business so required. Transcript at 6; Exh, 2 to Def.'s Dismiss Memo. The business reason provided was the requirement of the General Services Administration (GSA) that all agencies submit their spring regulatory agendas to GSA by March 25, 2005. Transcript at 3. GSA, performing a secretarial function, had been charged with

submitting all agencies' regulatory agendas to the Office of Management and Budget by April 1, 2005. *Id*.

    14. The failure to comply with these deadlines would cause the EEOC to independently publish an agenda, an undertaking that would be burdensome and expensive for the agency. Transcript at 5.

    15. The regulatory agenda as approved during the March 24 meeting is not binding on the Commission. *See* Transcript at 4.

    16. The "regulatory agenda is a reporting device. It is not a mechanism for agency action on regulatory proposals." Transcript at 4.

    17. The semiannual regulatory agenda is designed primarily to notify the public of regulatory actions which an agency intends to consider or act upon during the subsequent six months, while not limiting the regulatory actions an agency might in fact consider during that period of time. Transcript at 4.

    18. The March 24, 2005 Commission meeting simply authorized re-publication of the almost identical Commission regulatory agenda which had been publicly announced six months earlier. Transcript at 4.

Dated: September 12, 2005                        Respectfully submitted,

                                                 PETER D. KEISLER
                                                 Assistant Attorney General

                                                 KENNETH L. WAINSTEIN
                                                 United States Attorney

                                                 _____/s/_____
                                                 ARTHUR R. GOLDBERG
                                                 CARLOTTA P. WELLS

                                              U.S. Department of Justice  
                                              P.O. Box 883  
                                              Washington, D.C. 20044  
                                              (202) 514-4522 (telephone)  
                                              (202) 616-8470 (facsimile)  

                                              Counsel for Defendants

OF COUNSEL:

PEGGY R. MASTROIANNI  
Associate Legal Counsel  
THOMAS J. SCHLAGETER  
Assistant Legal Counsel  
JAMES G. ALLISON  
Attorney  
Equal Employment Opportunity Commission  
1801 L Street, N.W.  
Washington, D.C.  20507