UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF ) | |
| GOVERNMENT EMPLOYEES, AFL-CIO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 05-01035 (RCL) |
| ) | |
| EQUAL EMPLOYMENT OPPORTUNITY ) | |
| COMMISSION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants' Motion [6] to Dismiss or, in the Alternative, for Summary Judgment, the opposition and reply thereto, and the record herein.

Although the defendants appear to be correct that the currently filed complaint does not show standing, it appears from the allegations and affidavits contained in plaintiff's opposition that an amended complaint could be framed into the kind of particularized and concrete harm that would provide standing.

Nevertheless, because the Court concludes that defendants have not violated the the Sunshine Act, defendants' motion is hereby GRANTED.

A meeting may be held with shortened public notice if "a majority of the members of the agency determines by a recorded vote that agency business [so] requires . . . ." 5 U.S.C. § 552 (b) (e)(1). While this shortened public notice exception cannot be used "routinely," plaintiff does not allege that defendants do so. Here, prompt agency action

**was necessary because of a deadline set by another agency [GSA]. While better advance planning by the defendant agency would have made the shortened public notice unnecessary, the Sunshine Act was not violated unless this sort of last-minute notice became "routine." The defendants announced the meeting date as soon as the Commissioners voted to have the meeting, and the lack of diligence in bringing this matter to the Commissioners for a vote (to have the meeting with shortened notice) did not violate the Sunshine Act unless this became a routine practice of the agency. The complaint contains no such allegation.**

    **Accordingly, this case stands DISMISSED WITH PREJUDICE.**

    **SO ORDERED.**


    **Signed by United States District Judge Royce C. Lamberth February 3, 2006**